United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLAZE HICKS, <br> (TDCJ # 02380289), <br><br> Plaintiff, <br><br> vs. <br><br> LISA ASHWORTH, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-23-2234 |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Blaze Hicks, is currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ). Representing himself and proceeding without prepaying the filing fee, Hicks sued Warden Bobby Rigsby, Warden Caleb Brumley, Major Lisa Ashworth, and Security Officer Cynthia Picazo under 42 U.S.C. § 1983, alleging that they failed to protect him from violence by another inmate despite Hicks telling them that he was in fear for his life. (Docket Entry No. 19). After conducting the screening required by 28 U.S.C. § 1915A, the court ordered the defendants to respond. (Docket Entry No. 20). They responded with a motion to dismiss. (Docket Entry No. 27). Hicks filed a response, (Docket Entry No. 31), and the defendants filed a reply.[1] (Docket Entry No. 33). Based on the court's review of the motion, the

---

[1] Hicks filed a "response" to the defendants' reply, in which he offers additional argument against the motion to dismiss. (Docket Entry No. 36). This "response" is in the nature of a surreply, but "[n]either the local rules of [the district] court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021) (cleaned up). The moving party is generally entitled to file the last pleading, so "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Courts accept surreplies only "in exceptional or extraordinary circumstances." *Gezu*, 17 F.4th at 556 (quoting *Lacher*, 147 F. Supp. 2d at 539). Because no exceptional or extraordinary circumstances exist that would entitle Hicks to file a surreply, the court has not considered the contents of his second "response" in making its ruling.

response and reply, the record, and the law, the court grants the defendants' motion to dismiss and dismisses this action with prejudice. The reasons are explained below.

I.  **Background**

Hicks is a Texas state inmate currently in TDCJ's Allred Unit. In June 2023, he filed a civil rights complaint concerning events that occurred when he was in TDCJ's Ellis Unit. (Docket Entry No. 1). Hicks alleged that during a Unit Classification Committee meeting on December 19, 2022, he told Rigsby that his life was in danger, and he showed Rigsby notes that other inmates had sent him threatening to kill him. (*Id.* at 4). Hicks also told Brumley and Picazo about the threats. (*Id.* at 6-7). Hicks alleged that they did nothing to protect him. (*Id.* at 4, 7). On January 13, 2023, Hicks was assaulted by inmate Kevin Powell, who hit Hicks over the head with a fan motor in the dayroom. (*Id.* at 4). Hicks suffered deep cuts on his scalp and a shattered nose. (*Id.*). He was sent by ambulance to an outside hospital for treatment of his injuries. (*Id.*).

Hicks's initial complaint included other allegations against different TDCJ officials that occurred on various dates at multiple TDCJ units. (*Id.* at 6-8). Because the complaint violated Federal Rules of Civil Procedure 18 and 20, the court struck it and gave Hicks leave to file an amended complaint that complied with Rules 18 and 20. (Docket Entry No. 3). Hicks filed a letter stating that he intended to proceed in this action only on his failure-to-protect claims against Rigsby, Brumley, Ashworth, and Picazo. (Docket Entry No. 8).

Rather than filing an amended complaint, Hicks instead filed multiple motions seeking leave to file amendments and supplements to his initial complaint. (Docket Entry Nos. 9, 10, 13, 14, 15). The court denied those motions and instructed Hicks to file a single amended complaint containing all his allegations concerning his failure-to-protect claims against Rigsby, Brumley, Ashworth, and Picazo. (Docket Entry Nos. 12, 16).

On November 30, 2023, Hicks filed his amended complaint. (Docket Entry No. 19). In the amended complaint, Hicks alleged that he told Rigsby at the December 19, 2022, Unit Classification Committee meeting that his life was in danger. (*Id.* at 4). Hicks alleged that he also wrote on his Unit Classification Committee report that his life was in danger. (*Id.*). Rigsby responded to Hicks's concerns by laughing, and Hicks alleged that Rigsby took no steps to protect him from harm. (*Id.*). Hicks alleged that on unidentified dates and times between December 2022 and January 2023, he "wrote and spoke to" Brumley, Ashworth, and Picazo, telling them that his life was in danger, but none of them took steps to protect him. (*Id.*). On January 13, 2023, Powell hit Hicks over the head with a fan motor while they were in the dayroom, resulting in Hicks suffering serious injuries. (*Id.*).

Hicks provided the court with portions of his medical records, which support his claim that he was seriously injured in the January 13, 2023, assault. (Docket Entry Nos. 14, 15). These records confirm that Hicks sustained multiple lacerations on his head and face, a large bruise behind his right ear, and a broken nose in the assault. (Docket Entry No. 15, pp. 3-4). He was treated at an outside emergency room. (*Id.* at 9). Shortly after the assault, Hicks was transferred from TDCJ's Ellis Unit to the Ferguson Unit. (Docket Entry No. 14, p. 8).

Hicks contends that Rigsby, Brumley, Ashworth, and Picazo are liable for his injuries because they knew he was in danger and failed to take any steps to protect him. (Docket Entry No. 19, p. 4). Hicks seeks compensatory and punitive damages against each of the defendants in their individual capacities. (*Id.*).

The defendants responded to Hicks's amended complaint with a motion to dismiss, contending that Hicks's amended complaint fails to allege sufficient facts to state claims against them and asserting that they are protected by qualified immunity. (Docket Entry No. 27). Hicks

filed a response, in which he alleged additional facts for the first time. (Docket Entry No. 31). Hicks alleged that in December 2022, he was in protective custody after a fight with an inmate named Howe. (*Id.* at 1). During the investigation into that fight, Hicks told Lieutenant Blanson that his life was in danger because inmate John Morales wanted to have him stabbed. (*Id.*). Officer Ferguson overheard Hicks telling Blanson about his fears. (*Id.*). Several days later, Hicks told Rigsby during the Unit Classification Committee meeting that his life was in danger because Morales was trying to have him killed. (*Id.*). Despite this, Hicks was released from protective custody and placed in general population. (*Id.* at 2). A few days later, Powell assaulted Hicks. (*Id.*).

The defendants replied to Hicks's response, contending that he cannot avoid dismissal by relying on facts alleged for the first time in his response to the motion to dismiss. (Docket Entry No. 33).

**II.     The Legal Standards.**

    **A.     Actions Under 42 U.S.C. § 1983**

Hicks brings his claims against all the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed

for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

**B.     Motions to Dismiss**

The defendants move to dismiss Hicks's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A Rule 12(b)(1) motion is properly granted when the court lacks the statutory or constitutional power to hear the case, such as when the claims are barred by a state's sovereign immunity. *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009), and *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005)). Because a Rule 12(b)(1) motion challenges the court's jurisdiction, "[w]hen a Rule 12(b)(1) challenge is filed with other Rule 12 motions, the court should address the Rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra,* 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming*, 281 F.3d at 161).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (cleaned up). The court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether

"with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers*, 951 F.3d at 305. The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

### C. Pleadings from Self-Represented Litigants.

Hicks is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when

liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

### III. Discussion

#### A. The Official Capacity Claims.

The defendants move to dismiss Hicks's claims against them in their official capacities under the doctrine of sovereign immunity. Sovereign immunity bars actions against a state or state official unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* The State of Texas has not waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Brice v. Tex. Dep't of Family & Protective Servs.*, No. 14-20-00506-CV, 2022 WL 1310876, at *3 (Tex. App.—Houston [14th Dist.] May 3, 2022, no pet.) (reiterating that the Texas Legislature has not waived sovereign immunity for claims under § 1983).

The fact that Hicks has sued state employees, rather than the State of Texas itself, does not change this analysis. When a government employee is sued in his or her official capacity, the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Hicks's claims for money damages against the defendants in their official capacities are construed as claims against the State of Texas and are barred by the doctrine of sovereign immunity. The

7

defendants' motion to dismiss the claims against them in their official capacities is granted, and these claims are dismissed with prejudice under Rule 12(b)(1).

B.     **The Individual Capacity Claims.**

Unlike his official capacity claims, Hicks's claims against the defendants in their individual capacities are not barred by sovereign immunity. For these claims, the court considers whether Hicks has alleged facts in his amended complaint sufficient to state a claim for relief under § 1983 based on the defendants' alleged failure to protect him from harm.

Under the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To establish a violation of this right, an inmate must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that prison officials acted with "deliberate indifference to inmate health and safety." *Id.* (quoting *Farmer*, 511 U.S. at 834). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). It requires the plaintiff to show that the prison official was aware that the plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (quoting *Farmer*, 511 U.S. at 847). But prison officials will not be held liable for a failure to protect if (1) "they were unaware of even an obvious risk to inmate health or safety," (2) "they did not know of the underlying facts indicating a sufficiently substantial danger," (3) "they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety . . . [and] responded reasonably to the danger, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844- 45.

8

To show that prison officials knew of a substantial risk of serious harm, the plaintiff must allege facts showing that the officials were aware of facts from which they could infer that the plaintiff faced a *substantial* risk of *serious* harm and that the officials actually drew the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001). Vague statements that an inmate has been threatened in the past or that he fears for his life do not provide prison officials with facts from which they could infer that the inmate faces a substantial risk of serious harm. *See, e.g., Armstrong v. Price,* 190 F. App'x 350, 353 (5th Cir. 2006) (per curiam) (multiple complaints of vague threats by unidentified inmates were insufficient to show deliberate indifference to a substantial risk of serious harm); *Adams v. Collier*, No. 6:21cv261, 2022 WL 456535, at *6-7 (E.D. Tex. Jan. 19, 2022) (an inmate's general fear of being attacked based on a single fight with a different inmate one month earlier did not put prison officials on notice that the inmate faced a substantial risk of serious harm), *report and recommendation adopted*, 2022 WL 446748 (Feb. 14, 2022); *Coleman v. Tanner*, No. 09-7346, 2010 WL 2009445, at *9 (E.D. La. Apr. 27, 2010) ("A prison official's mere knowledge of vague threats against an inmate is not sufficient to make it clear to the official that such information presents a substantial risk of serious harm to the inmate), *report and recommendation adopted*, 2010 WL 2009081 (E.D. La. May 19, 2010); *see also Klebanowski v.. Sheahan,* 540 F.3d 633, 639-41 (7th Cir. 2008) ("By [the plaintiff's] own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. . . .  Without these additional facts [concerning subsequent threats] to rely on, there was nothing leading the officers to believe that [the plaintiff] himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered.  This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate

indifference."). Because "inmates threaten each other on a regular basis, such 'vague threats' were insufficient to inform [prison officials] that [the plaintiff] faced a substantial risk of serious harm." *Williams v. Lee County*, No. 1:20CV194-NBB-JMV, 2022 WL 507660, at *3 (N.D. Miss. Feb. 18, 2022).

At this stage of the proceedings, the court is limited to the facts alleged in Hicks's amended complaint. *See Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994))). The court must take Hicks's allegations as true and decide only whether he has pleaded sufficient facts to support a claim that the defendants failed to protect him from harm. *See Waller v. Terry County, Tex.*, No. 21-189, 2023 WL 5333237, at *11 (N.D. Tex. Aug. 18, 2023).

Hicks's amended complaint alleges that he told Rigsby at a Unit Classification Committee meeting that he believed that his life was in danger. Hicks does not allege that he told Rigsby about any specific threats that he had received. Nor does Hicks allege that he provided Rigsby with any factual basis for his stated fear. Hicks's statement that his life was in danger, unsupported by allegations of facts showing a basis for that fear, is insufficient to show that Rigsby knew of facts from which he could infer that Hicks faced a substantial risk of serious harm.

Hicks alleges even fewer facts to support his claims against Brumley, Ashworth, and Picazo. In his amended complaint, Hicks alleges that he told Brumley, Ashworth, and Picazo at various times on various unidentified dates that he believed his life was in danger from some unidentified source. Hicks does not allege when these conversations occurred, where they occurred, or specifically what facts he told each of the defendants. He does not allege that he told

10

any of these defendants why he believed his life was in danger, why he believed an attack was imminent, or who he believed would attack him. In short, Hicks does not allege facts showing that he provided Brumley, Ashworth, and Picazo with specific information about a specific risk rather than simply a fear of general dangerousness based on his participation in earlier fights.

Hicks's allegations that he told the defendants that he believed his life was in danger are insufficient to show that any of the defendants were aware of facts from which they could infer that Hicks faced a substantial risk of serious harm. Hicks's complaint is legally insufficient to state a claim for failure to protect. *See Farmer*, 511 U.S. at 844 (prison officials will not be liable for a failure to protect when "they did not know of the underlying facts indicating a sufficiently substantial danger").

In Hicks's response to the defendants' motion to dismiss, (Docket Entry No. 31), he alleges additional facts concerning the information he gave the defendants. He alleges that he gave a victim statement to Lieutenant Blanson on December 16, 2022, reporting that "my life is in danger because of inmate John Morales, who is trying to have me stabbed." (*Id.* at 1). Hicks also alleges that at the Unit Classification Committee meeting, he told Rigsby that inmate Morales was trying to have him killed. (*Id.*). Hicks further alleges that he received threatening notes from other inmates and provided those to Blanson. (*Id.*). He alleges that Escort Officer Fernandez heard him tell Blanson about the threats. (*Id.* at 1-2). Hicks also alleges that Rigsby returned him to general population after the Unit Classification Committee meeting despite knowing of the threats from Morales. (*Id.* at 2). These additional facts do not alter the court's ruling.

First, these new factual allegations are not properly before the court. At the motion-to-dismiss stage of the proceedings, the court is limited to considering the contents of the operative complaint and its attachments. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th

11

Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Because of this limitation, new facts alleged in a response to a motion to dismiss are not properly before the court and will not be considered when ruling on the motion to dismiss. *See, e.g., Carmon v. Carrington Mortg. Servs., LLC*, No. 4:22-CV-03534, 2023 WL 9184038, at *4 (S.D. Tex. Dec. 5, 2023), *report and recommendation adopted,* 2024 WL 1476162 (S.D. Tex. Jan. 12, 2024); *SCHST, Inc. v. Arthur J. Gallagher & Co.*, No. 4:21-CV-02935, 2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022) ("SCHST cannot remedy these shortcomings by injecting unpleaded facts—as it tries to do—when responding to CRC's motion to dismiss."), *report and recommendation adopted sub nom. Schst, Inc. v. Certain Underwriters at Lloyd's, London*, 2022 WL 4588589 (S.D. Tex. Sept. 28, 2022); *McDavid v. Hous. Indep. Sch. Dist.*, No. H-21-993, 2021 WL 4555241, at *4 (S.D. Tex. Oct. 5, 2021) (rejecting the plaintiff's attempt to "use a response to a motion to dismiss as a backdoor to add allegations that [the plaintiff] did not plead in her complaint"); *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011) ("[N]ew allegations cannot be raised in response to a motion to dismiss."); *Coach, Inc. v. Angela's Boutique*, No. H-10-1108, 2011 WL 2446387, at *2 (S.D. Tex. June 15, 2011) ("New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings.").

As explained above, Hicks's amended complaint supersedes his initial complaint and the various supplements to it that he filed before the court ordered an amended complaint. *See Stewart*, 372 F. App'x at 478. The court is limited to considering the facts alleged in Hicks's amended complaint. The new facts he has included in his response to the defendants' motion to dismiss are not properly before the court, and Hicks cannot avoid dismissal by relying on those new facts.

Second, even if the court were to consider the new facts Hicks has alleged, they are not sufficient to state a claim against the defendants. None of the new facts contained in Hicks's

response show that he gave Brumley, Ashworth, or Picazo any information other than what was alleged in Hicks's amended complaint, which the court has already determined was insufficient to state a claim for failure to protect. Hicks's allegations of information that he provided to Lieutenant Blanson and Officer Fernandez are irrelevant because he did not name them as defendants in this action.

Hicks's new allegations may be sufficient to show that Rigsby knew facts from which he could infer that Hicks faced a substantial risk of serious harm based on the threat from inmate Morales. But Hicks does not allege facts showing that Rigsby responded unreasonably to that threat. While Hicks alleges that he was released back into general population, he does not allege that Morales was also in general population or had access to Hicks there. Hicks was not assaulted by Morales. And while Hicks alleges that he told Rigsby that Morales wanted him stabbed, Hicks was not stabbed in the assault. The fact that Hicks was assaulted three weeks after he reported the alleged threat to Rigsby by a different inmate and in a different manner than was reported in the threat does not show that Rigsby responded unreasonably to the information Hicks allegedly gave him at the Unit Classification Committee meeting. Because the additional facts included in Hicks's response are still insufficient to state a claim, Hicks cannot avoid dismissal by relying on those new facts.

Hicks's amended complaint fails to allege sufficient facts to state an actionable failure-to-protect claim against any of the defendants. His failure-to-protect claims against all of the defendants are dismissed with prejudice.

### C. Qualified Immunity

In their motion to dismiss, the defendants contend that even if the court were to conclude that Hicks stated a claim upon which relief could be granted in his amended complaint, the

13

amended complaint should be dismissed because they are protected by qualified immunity. (Docket Entry No. 27, pp. 9-10). Determining whether qualified immunity protects an officer in a particular situation involves two steps: "first we ask whether the officer's alleged conduct has violated a federal right; . . . second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (quoting *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc)).

The court has determined that Hicks's allegations are insufficient to state a claim for a failure to protect against any of the defendants. Because his claims fail on that basis, the court need not address the qualified immunity defense.

## IV. Conclusion

Based on the above, the court orders that the defendants' motion to dismiss, (Docket Entry No. 27), is granted. This action is dismissed with prejudice. All pending motions, including Hicks's motion for discovery, (Docket Entry No. 30), are denied as moot. Final judgment will be separately entered.

SIGNED on June 26, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge